

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,360-01

**EX PARTE ROBERT SORIA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W-61382-01-E IN THE 108TH DISTRICT COURT FROM POTTER COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to evading arrest and was sentenced to thirty years' imprisonment. He did not appeal his conviction.

Applicant contends that his sentence is illegal and that trial counsel rendered his plea involuntary. He also contends that his plea in this case was part of a larger "plea package" he negotiated with the State on September 7, 2010. He urges this Court to remand this application with instructions to the trial court to withdraw his guilty pleas entered on September 7, 2010. Because Applicant has not filed Article 11.07 applications in Potter County challenging the voluntariness of

his other pleas entered in September 7, 2010, we have no authority to consider whether those pleas were involuntary. Nothing is pending before this Court in those causes. Applicant may, however, file applications in Potter County challenging the voluntariness of his other pleas.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Cox*, WR-42,794-05, ___ S.W.3d ___ (Tex. Crim. App. Jan. 27, 2016). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant's sentence in this case is illegal and counsel rendered ineffective assistance. If Applicant files Article 11.07 applications in Potter County challenging the voluntariness of his other pleas, the trial court shall determine (1) whether Applicant's pleas were part of a larger plea package; (2) if so, whether Applicant's pleas were involuntary; and (3) if not, whether the State wishes to undo the entire plea package or maintain the valid parts of the plea package. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 9, 2016
Do not publish